IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE ANTONIO-MARTINEZ,

                Petitioner,

v.

WARDEN E. EMMERICH,

                Respondent.

OPINION and ORDER

24-cv-648-jdp

---

Petitioner Jose Antonio-Martinez, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Antonio-Martinez is incarcerated at FCI Oxford and has a projected release date of September 25, 2025. Antonio-Martinez contends that he's entitled to 59 days of presentence credit that Bureau of Prison officials have yet to give him. I must review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because it is plainly meritless.

On October 26, 2022, Antonio-Martinez was adjudged guilty of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). *United States v. Martinez-Antonio*, 21-cr-625 (N.D. Tex. Oct. 26, 2022), Dkt. 36. Antonio-Martinez received a 24-month sentence, which was ordered to run consecutively to a sentence that he was serving in state court at that time. *Id.* at 2.

Antonio-Martinez's state sentence ended on January 12, 2024. Dkt. 2 at 3; Dkt. 2-2 at 3. Antonio-Martinez remained in state custody until March 11, 2024, at which time he was designated to FCI Oxford. *Id.*

Antonio-Martinez correctly notes that the Bureau of Prisons must credit him for time he spent in official detention before the start of his federal sentence, but only if that time hasn't been credited against another sentence. 18 U.S.C. § 3585(b); Dkt. 2 at 3. But the BOP's sentencing computation data printout shows that it has credited Antonio-Martinez with the 59 days that he spent in official detention from January 12 to March 11, 2024. Twenty-four months after Antonio-Martinez's designation date of March 11, 2024, is March 11, 2026. The sum of the time that Antonio-Martinez was in official detention (59 days) and his good-time credits (108) is 167 days. *See* Dkt. 2-2 at 3. Subtracting 167 days from March 11, 2026, gives a date of September 25, 2024, which is Antonio-Martinez's projected release date. The petition plainly lacks merit.

I would dismiss the petition for failure to exhaust the BOP's administrative remedies if it weren't plainly meritless. Antonio-Martinez sought to informally resolve his issue, but that wasn't enough to meet the exhaustion requirement. Antonio-Martinez was required to complete administrative remedy program, which includes: (1) filing a formal administrative remedy request with the warden; (2) appealing any unsatisfactory response by the warden to the regional director; and (3) appealing any unsatisfactory response by the regional director to the general counsel's office. 28 C.F.R. §§ 542.14(a), 542.15(a); *Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008).

ORDER

IT IS ORDERED that:

1. Petitioner Jose Antonio-Martinez's petition, Dkt. 1, is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and close the case.

Entered November 12, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge